# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BENJAMIN DAVID DANNEMAN, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 4:21-CV-497 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court upon the petition of convicted federal prisoner Benjamin David Danneman for writ of habeas corpus under 28 U.S.C. § 2241, and on petitioner's motion to proceed without prepaying fees or costs. ECF Nos. 1, 2. Based on the financial information submitted in support of the motion, the Court finds that Petitioner has insufficient funds to pay the filing fee and the motion will be provisionally granted. However, after reviewing the petition, the Court finds that it would be in the interest of justice to transfer the instant case to the United States District Court for the Southern District of Illinois.

### Background

On March 13, 2019, petitioner Benjamin David Danneman pleaded guilty to charges of health care fraud, social security fraud, and aggravated identity theft and on June 12, 2019, he was sentenced by the Honorable Ronnie L. White, of this Court, to a total term of fifty-seven (57) months. *U.S. v. Danneman*, No. 4:19-CR-202-RLW-1, ECF Nos. 24-25, 33 (E.D. Mo. filed Apr. 9, 2018). On June 5, 2020, petitioner filed a motion in his criminal case seeking compassionate release under the First Step Act. *Id.* at ECF No. 37. That motion was denied by this Court on November 25, 2020, after a complete review of the motion on the merits. *Id.* at ECF No. 58.

**Instant Petition**

Petitioner is currently incarcerated with the Bureau of Prisons at the United States Penitentiary in Marion, Illinois. ECF No. 1 at 1. On April 28, 2021, petitioner filed this 28 U.S.C. § 2241 action, seeking to challenge the calculation of his "public safety security level." *Id.* at 2. Petitioner argues that his prison security level is unfair given that he has the highest security level without any violence in his background. *Id.* at 2-6. Petitioner wants his score lowered so that he can "receive the benefits of the first step act and be able to go to a low custody prison." *Id.* at 7.

**Discussion**

Jurisdiction over a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 lies either in the district of physical confinement or in the district in which a custodian responsible for the confinement is present. *McCoy v. U.S. Bd. of Parole*, 537 F.2d 962, 964 (8th Cir. 1976). According to the Supreme Court, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

Here, petitioner is not confined within the Eastern District of Missouri, and there does not appear to be a custodian present in this district over whom this Court would have jurisdiction. Petitioner is incarcerated in a federal facility in Marion, Illinois, located in Williamson County, which is in the jurisdiction of the United States District Court for the Southern District of Illinois. *See* 28 U.S.C. § 93(c).

Pursuant to 28 U.S.C. § 1631, a district court that finds that it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other Court in which such action could have been brought. Upon transfer under § 1631, the action proceeds as if it had been originally filed in the Court to which it is transferred. In addition, the Court notes that the

district of confinement is "normally the forum most convenient to the parties." *McCoy*, 537 F.2d at 966. As such, the Court finds that it would be in the interest of justice to transfer the instant case to the United States District Court for the Southern District of Illinois.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] is provisionally **GRANTED**, subject to modification by the United States District Court for the Southern District of Illinois.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Southern District of Illinois.

Dated this __6th____ day of July, 2021.

\s\ Jean C. Hamilton_____
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE